IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY PHILLIPS and KELLI PHILLIPS, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. CIV-22-982-D ) |
| STATE FARM FIRE AND CASUALTY COMPANY, *et al.*, | ) (District Court of Cleveland ) County, Oklahoma, Case No. ) CJ-2022-499) |
| Defendants. | ) ) |

## ORDER REMANDING CASE

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 7], pursuant to 28 U.S.C. § 1447(c), which mandates the remand of a removed case whenever "it appears that the district court lacks subject matter jurisdiction."[1] The motion challenges the jurisdictional basis for removal of this case to federal court by Defendant State Farm Fire and Casualty Company ("State Farm"). Plaintiffs contest allegations of fraudulent joinder made in the Notice of Removal to establish jurisdiction even though they have sued a nondiverse defendant, Cindy K. Nashert Insurance Agency, Inc. ("Nashert"). For the following reasons, the Court finds State Farm has not carried its burden to show that Plaintiffs have no possible claim against Nashert, a local defendant, based on the factual allegations of their pleading.

---

[1] The motion is fully briefed. *See* State Farm's Resp. Br. [Doc. No. 14]; Pls.' Reply Br. [Doc. No. 18].

*Background*

Plaintiffs initiated this action in state court to recover damages against State Farm for breach of contract and breach of an insurer's duty of good faith and fair dealing after State Farm allegedly "refused to pay all monies due and payable under the terms of" Plaintiffs' homeowners' insurance policy. Pet. [Doc. No. 1-2], ¶ 15. In addition, Plaintiffs sued State Farm's agent, Nashert, for negligent procurement and constructive fraud. They allege Nashert procured a policy that failed to provide the replacement cost coverage they requested and made material misrepresentations during the procurement period. *Id.*, ¶¶ 28-52. Nashert is an Oklahoma corporation and thus, has the same citizenship as Plaintiffs.

Claiming that Plaintiffs fraudulently joined Nashert to defeat removal, State Farm removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal [Doc. No. 1], ¶¶ 4, 6. State Farm asserts that "[n]either the allegations of Plaintiffs' Petition nor the facts of the insurance claim fit the theories on which Plaintiffs sue[d]" Nashert. *Id.*, ¶ 7. It maintains that Plaintiffs' factual allegations demonstrate that Nashert procured a replacement cost policy as requested. *Id.*, ¶ 10. Thus, it argues that this case instead presents "a dispute between State Farm and Plaintiffs as to how much it will cost to repair or replace the damage to Plaintiffs' house." *Id.*, ¶ 8. In the instant motion, Plaintiffs challenge State Farm's characterization of their claims and argue that they have viable claims against Nashert.

*Standard of Decision*

Subject matter jurisdiction over this case turns on the doctrine of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual

2

fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted); *Long v. Halliday*, 768 F. App'x 811, 814 (10th Cir. 2019) (unpublished).[2] State Farm relies solely on the second basis. As the removing party, State Farm must establish federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (internal quotation omitted); *Long*, 768 F. App'x at 814. In this case, State Farm must show there is no possibility that Plaintiffs would be able to establish a cause of action against Nashert in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, *1 (10th Cir. April 14, 2000) (unpublished); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished) ("the removing party must show that the plaintiff has no cause of action against the fraudulently joined defendant"). Stated differently, "the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished).

In assessing fraudulent joinder, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see Smoot v. Chicago,*

---

[2] Unpublished opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

3

*Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967) ("[U]pon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal."); *accord Brazell*, 525 F. App'x at 881. The nonliability of a defendant alleged to be fraudulently joined must be "established with complete certainty." *See Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." *Montano*, 2000 WL 525592 at *2.

## *Discussion*

State Farm argues that the allegations set forth in Plaintiffs' petition, which are further detailed in its motion to remand, fail to state a claim against Nashert for negligent procurement or constructive fraud. Upon consideration, the Court concludes that State Farm's arguments ignore the totality of Plaintiffs' submissions. Accordingly, the Court is not persuaded that Plaintiffs' claims against Nashert necessarily fail.

I. **Plaintiffs' Factual Allegations and Claims Against Nashert**

Accepting the allegations set forth in Plaintiffs' petition, they purchased a homeowners' replacement cost insurance policy through Nashert's office. Pet., ¶ 5. Plaintiffs specifically requested from Nashert "a replacement policy which would provide coverage for their home in the event of a loss," and Nashert "independently established, calculated and set the replacement cost policy limits" on Plaintiffs' policy. *Id.*, ¶¶ 7, 8. Plaintiffs allege Nashert represented that the amount of coverage was accurate, correct, and "sufficient to repair and/or replace the Plaintiffs' Insured Property back to its pre-loss

4

condition in the event of a loss." *Id.*, ¶ 9. Ultimately, Plaintiffs obtained a "homeowners' full replacement cost insurance policy" covering their property. *Id.*, ¶ 10.

On April 28, 2021, Plaintiffs informed State Farm "that their roof, siding, door trim, and windows were damaged as a result of wind and hail." *Id.*, ¶ 12. Although State Farm confirmed that Plaintiffs' home sustained wind and hail damage, Plaintiffs allege that it "underpaid the loss" by, *inter alia*, "under-scoping the loss and by utilizing 'estimating software' it knew was inaccurate to calculate a damage estimate to knowingly escape any payment on Plaintiffs' claim." *Id.*, ¶ 13.

In Count III of their Petition, Plaintiffs allege Nashert represented that "in the event of damages or loss, said damages and losses would be fully paid, and the property (including the roof) would be restored back to its pre-loss condition." *Id.*, ¶ 31. Plaintiffs further argue Nashert "represented to Plaintiffs that the Policy provided the full replacement cost coverage Plaintiffs requested and that her calculations represented 100% insurance-to-value." *Id.*, ¶ 32.

In Count IV, Plaintiffs rely on these same allegations and an allegation that Nashert represented "that any and all damage would be fully replaced knowing such statement was untrue." *Id.*, ¶ 45(a). In addition, Plaintiffs contend Nashert "[m]isrepresent[ed] that the replacement cost valuation . . . , for which premiums were paid, was equal to the estimated replacement cost (100 percent insurance-to-value), as calculated by Nashert." *Id.*, ¶ 45(f).

Based on State Farm's adjustment of their claim, Plaintiffs allege Nashert failed to procure a policy which provided coverage "to fully repair and/or replace the Plaintiffs' Insured Property back to its pre-loss condition." *Id.*, ¶ 37(c), ¶ 44, ¶ 45(a). Specifically,

Plaintiffs maintain that, after their windows were damaged, State Farm sought to replace their "customized Don Young single hung, thermally broken frame aluminum windows with low-e glass and argon gas" with an inferior substitute. *See* Mot. to Remand at 3, 5-6; *see also* Pet., ¶ 28, 45(a). Based on State Farm's actions, they argue "Nashert knowingly or recklessly represented the phrase 'similar construction,' as used (and undefined) in Plaintiffs' Policy, meant identical or near identical product replacement, such that the Customized Windows would be replaced with identical products, not a lesser quality substitution." Mot. to Remand at 7.

## II. State Farm's Showing of Fraudulent Joinder

State Farm contends that Plaintiffs' claims against Nashert fail because no causal connection exists between the alleged misconduct and any damage. State Farm asserts that Plaintiffs cannot establish the causation element of either claim because, according to their own allegations, Plaintiffs were not harmed by Nashert's failure to procure a particular type of policy but instead by State Farm's adjustment of the claim. *See* State Farm's Resp. Br. at 11 (arguing that Plaintiffs' allegations are a "result of the claim decision, not the policy the agent procured"). If viewed as a coverage dispute surrounding their customized windows, State Farm argues that Plaintiffs cannot demonstrate a false representation or negligent procurement because the policy provides the coverage Nashert allegedly promised: full replacement cost coverage under which State Farm "will pay the cost to repair or replace with similar construction and for the same use on the premises." State Farm's Resp. Br. at 12 (quoting Plaintiffs' homeowners' insurance policy).

As alleged in Plaintiffs' motion, Nashert specifically represented to Plaintiffs that,

in the event their customized windows were damaged, "they would be replaced with Don Young Aluminum Windows—not a substitution or lesser quality window." Mot. to Remand at 5. In addition to challenging Plaintiffs' allegations as implausible, State Farm faults Plaintiffs for supplying different or additional facts in their motion, and requests that the Court ignore any new factual allegations. *See* State Farm's Resp. Br. at 11.

State Farm's arguments overlook the standard of decision. The Court's inquiry is not limited only to the allegations set forth in Plaintiffs' petition; Plaintiffs are authorized to provide a more detailed statement of alleged facts existing at the time of removal which were not initially included in the petition. As stated by some federal appellate courts, "[p]ost-removal filings may not be considered . . . when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999); *see also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Although this rule has not been expressly adopted by the Tenth Circuit, it is consistent with nonprecedential decisions. *See Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 914 (10th Cir. 2006) (unpublished) (determining that a district court could analyze a question of fraudulent joinder by considering whether a future amendment of the complaint would allow the plaintiff to state a fraud claim against a nondiverse defendant). Pursuant to *Nerad*, a district court may consider an amendment that amplifies a claim that existed at the time of removal but was inadequately pleaded in the original complaint. *See also Dodd*, 329 F.2d at 85 (When assessing fraudulent joinder, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.") (citations omitted).

Plaintiffs' additional allegations set forth in their motion are fully consistent with their petition. *See* Pet., ¶ 31 (alleging Nashert represented, "in the event of damages or loss, said damages and losses would be fully paid, and the property (including the roof) would be restored back to its pre-loss condition"); *see also id.*, ¶ 45(a) (alleging Nashert represented "that any and all damage would be fully replaced knowing such statement was untrue"). In their motion, Plaintiffs flesh out their original statements after the need for more detail became clear. Under the circumstances, the Court is unable to ignore Plaintiffs' allegations that Nashert represented, in the event of damage, Plaintiffs' customized windows would be replaced with Don Young aluminum windows, and not an inferior substitute. Accordingly, the Court cannot say that Plaintiffs have no possibility of recovery against Nashert. Therefore, State Farm's claim of fraudulent joinder fails.

### *Conclusion*

For these reasons, the Court finds that Defendant Cindy K. Nashert Insurance Agency, Inc. cannot be disregarded as a party and thus, complete diversity of citizenship does not exist. Therefore, this Court lacks subject matter jurisdiction and must remand the case to state court under 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 7] is **GRANTED.** The case is **REMANDED** to the District Court of Cleveland County, Oklahoma.

**IT IS FURTHER ORDERED** that State Farm's Motion for Jurisdictional Discovery [Doc. No. 15] is **DENIED.**

**IT IS SO ORDERED** this 20th day of January, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge